UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KAREN STEINHAUER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:05-CV-198-AH |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consent of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on February 6, 2006, in accordance with the provisions of 28 U.S.C. § 636(b), came on to be considered Plaintiff Karen Steinhauer's action brought under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of Plaintiff's application for Supplemental Security Income payments under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.

Procedural History: On August 21, 2002, Plaintiff filed an application for Supplemental Security Income ("SSI") payments alleging disability which began on December 24, 1997, due to seizures, kidney disease, multiple back surgeries, carpal tunnel syndrome in her left hand, septic shoulder and a Bartholin cyst. (Administrative Record 63-65, 87 [Hereinafter Tr.].)

The Administrative Law Judge ("ALJ") conducted a hearing on September 29, 2004. (Tr. 20-40.) On March 19, 2005, the ALJ denied Plaintiff's request for SSI payments, finding that she was not disabled because she retained the residual functional capacity ("RFC") to perform a wide range of sedentary work, including the jobs of laminator, semiconductor bonder

and patcher.  (Tr.  18.)

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, and on September 9, 2005, the Appeals Council denied the request.  (Tr.  5-7.)  Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.  *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on November 4, 2005.  Defendant filed her answer on January 11, 2006.  On July 14, 2006, Plaintiff filed her brief and on September 13, 2006, Defendant filed her brief.

Standard of Review–Social Security Claims:  When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of whether: (1) the ALJ's decision is supported by substantial evidence and (2) the proper legal standard was applied.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment.  *Villa*, 895 F.2d at 1022 (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971)).

Discussion:

To prevail on a claim for SSI benefits, a claimant bears the burden of establishing that he or she is disabled, which is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.A. § 1382c(3)(A); 20 C.F.R. § 416.905(a). Substantial gainful activity is defined as "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." § 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* § 416.920. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove that there is other substantial gainful activity that the claimant can perform. *See*, *e.g.*, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

In this case, the ALJ proceeded to step five and utilized the testimony of a vocational expert ("VE") to determine that Ms. Steinhauer was not disabled because she retained the capacity to perform a wide range of sedentary work including the jobs of laminator, semiconductor bonder and patcher. (Tr. 13-18.) He therefore denied Plaintiff's request for SSI payments. (Tr. 17-18.)

Plaintiff testified on her own behalf at the administrative hearing. (Tr. 23-32.) She stated that she had not worked since December of 1997, lived alone and was financially dependant on her parents. (Tr. 23, 27-28.) She initially stopped working due to renal kidney failure which required dialysis. (Tr. 23-24.) She had difficulty gaining weight and weighed only 95 pounds at the time of the hearing. (Tr. 30.) Her other ailments included severe arthritis in her back due to a car accident in 1980, as well as related leg and finger pain and memory problems. (Tr. 24, 26.) She also had a decreased range of motion in her left shoulder as well as numbness in her arm and fingers due to septic bursitis in her left shoulder. (Tr. 26.) Regarding her memory problems, Plaintiff stated that she had trouble remembering recent events and experienced difficulty paying attention and staying focused. (Tr. 26-27.)

Plaintiff testified that she was not capable of lifting heavy items, walking more than a few blocks before needing to stop and rest, standing unsupported for more than five minutes, and sitting comfortably for any portion of time. (Tr. 28-29.) Regarding her activities of daily living, she testified that she took her parents to doctor's appointments, went to her own doctor's appointments, and did occasional yard work. (Tr. 30-31.) She stated that she did not belong to social clubs, go to church or frequently interact with people besides her parents. (Tr. 31-32.)

Clifton King testified as the vocational expert ("VE") at the hearing. (Tr. 32-39.) He listed Plaintiff's past relevant work as: psychiatric aide, teacher's aide, and bartender/ waitress. (Tr. 32-33.) The ALJ asked the VE to list the jobs a person with the following characteristics could perform: 44.5 years of age; has completed two years of college; has the strength to perform a wide range of sedentary work but is limited to occasional stooping, kneeling and crouching; and would need the option to stand and move around after an hour of sitting. (Tr. 34.) The VE

4

testified that such a person could work as an appointment clerk, a reservation clerk or a clerical sorter. (Tr. 34-35.) Both the ALJ and Plaintiff's attorney then asked the VE to consider if the hypothetical individual could maintain the aforementioned positions if she had additional limitations. The VE testified that her ability to maintain the positions would not be impeded if she had borderline intellectual functioning which affected her performance abilities or had a global assessment of functioning ("GAF") score of 45. (Tr. 36-37.) However, he opined that if she could only perform a narrow range of sedentary work and was limited by the need to stay in a reclining or resting position for two to three hours per day, or had a twenty percent reduction in her concentration capabilities, she would not be able to work as an appointment clerk, a reservation clerk or a clerical sorter. (Tr. 35-36.) If she had a limited ability to interact with the general public, the VE testified that she would be able to work as a sorter. (Tr. 37.)

Later, the ALJ asked the VE to list jobs available to a person with the original hypothetical characteristics as well as the additional limitation that she would need to work in relative isolation with incidental contact with co-workers and supervisors and limited contact with the public. (Tr. 37-38.) The VE listed laminator, bonder and patcher as available jobs. (Tr. 38.) However, when asked to consider whether such an individual would be able to perform those jobs if she also had a twenty percent reduction in concentration capability, the VE opined that she would not be able to perform any of the listed jobs. (Tr. 38.)

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it did not take into account a finding by the state agency examining doctor that Plaintiff had an impaired recent memory. An ALJ has a duty to consider all medical opinions in the record together with the rest of the relevant evidence in the case. *See* 20 C.F.R. § 416.927(a).

Dr. Leon Morris, Ed.D., a clinical and forensic psychologist, evaluated Plaintiff on November 5, 2002, at the behest of the Oklahoma Disability Determination Division. (Tr. 197.) During the course of his evaluation, he administered several tests to Plaintiff, including some which were designed to evaluate her memory. (Tr. 201.) Plaintiff's scores in these tests indicated that her recent and remote memory were good, as was her concentration, but that her immediate memory appeared to be impaired. (Tr. 201.) The doctor noted that Plaintiff's ability to understand, remember, sustain concentration, persist, socially interact and adapt in a work-related setting was adequate. (Tr. 202.)

In his summary of Dr. Morris's findings, the ALJ noted that the doctor found Plaintiff to have "good concentration and memory." Plaintiff argues that this is a misstatement, as Dr. Morris found that Plaintiff had impaired immediate memory. However, Plaintiff fails to acknowledge that Dr. Morris also opined that Plaintiff's ability to remember and sustain concentration in a work-related setting was "adequate." The undersigned is at a loss to discern any contradiction between the ALJ's finding that Plaintiff had "good memory and concentration" and Dr. Morris's notation that Plaintiff had "adequate" memory and concentration. Moreover, the court declines to try to find such a contradiction, as the court is prohibited from "reweigh[ing] the evidence in the record, try[ing] the issues de novo or substitut[ing] its judgment for the Commissioner's." *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Therefore, Plaintiff's first point of error is without merit.

Plaintiff also argues that the ALJ's step five decision that Plaintiff retained the capacity to perform the jobs of laminator, bonder and patcher is not supported by substantial evidence because the VE testified that Plaintiff could not perform these positions if she had a twenty

6

percent reduction in concentration capabilities.  However, an ALJ may disregard a vocational expert's response to a hypothetical question if the ALJ finds that the evidentiary assumptions behind the hypothetical are not supported by the record.  *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985).  Here, as stated *supra*, Dr. Morris found that Plaintiff's concentration and memory capabilities were "adequate." This finding is supported by the most recent report of the non-examining state agency consultant who found that Plaintiff suffered mild difficulties in maintaining concentration, persistence and pace.  (Tr. 230-243.)  Therefore, the evidence in the record does not support the assumption that Plaintiff had a twenty percent reduction in her concentration capabilities and the ALJ was therefore permitted to disregard the VE's testimony which utilized this assumption.  Plaintiff's second point of error is without merit.

It is therefore ordered that the decision of the Commissioner is affirmed and that Plaintiff's Social Security claim is dismissed with prejudice.


SIGNED this 27th day of February, 2007.

_____
Wm. F. Sanderson Jr.

UNITED STATES MAGISTRATE JUDGE